IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RALPH TANKSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-118 |
| | ) | |
| CEDAR ROCK PLANTATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Ralph Tanksley, proceeding *pro se*, purports to remove to this Court an action filed by Defendant Cedar Rock Plantation in the Magistrate Court of McDuffie County, Georgia. For the reasons set forth below, the Court finds it lacks subject matter jurisdiction and **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT**, (doc. no. 2), the case be **REMANDED** to the Magistrate Court of McDuffie County, and this civil action be **CLOSED**.

I. BACKGROUND

On July 25, 2024, the Clerk of Court docketed a "Petition for Removal of Action" filed by Plaintiff, purporting to remove case 2024MV0571 from McDuffie County Magistrate Court. (Doc. no. 1.) According to Plaintiff's petition, Defendant filed a dispossessory action against Plaintiff in a state Magistrate Court on an unspecified date. (Id.) Plaintiff's petition asserts federal question jurisdiction by claiming the McDuffie County dispossessory action violates his rights to Due Process under the Fourteenth Amendment and because Defendant

"violated fair and safe housing acts." (Id. at 3.) Plaintiff also asserts he "has obtained a Federal Stay [o]f Eviction Petition in the U.S. District Court for the Southern District [o]f Georgia," though the Court has no record of a prior case involving Plaintiff and no such relief has been provided in the instant case.[1] (Id. at 2.) Plaintiff further cites U.S. Code sections 28 U.S.C. §§ 1367, 15 U.S.C. § 1692, and 42 U.S.C. § 3631, apparently invoking supplemental jurisdiction over any state court claims and claiming violations of the Fair Debt Collection Practices Act and the Fair Housing Act. (See id. at 1-4.)

Plaintiff asserts the removal is "pursuant to 28 U.S.C. 1446(d)" and his filings are compliant with that statutory provision. (Id. at 4.) However, no documents from the state court action were attached to Plaintiff's Petition as required by 28 U.S.C. § 1446(a). (See generally id.). Because of Plaintiff's failure to comply with the procedural requirements for removal, the Court has only Plaintiff's Petition to review, which includes an attached Civil Cover Sheet completed by Plaintiff. (See id.) Plaintiff has not paid the filing fee but instead requests permission to proceed IFP. (Doc. no. 2.)

**II.   DISCUSSION**

Generally, a defendant[2] may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "A federal district court must have at

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records . . . .").

[2] Although Plaintiff's filings suggest he is the defendant in the state court action, his filings in this Court assert he is the Plaintiff and Cedar Rock Plantation is the Defendant in the removed case. (See doc. no. 1.) Plaintiff failed to attach the state court filings to his Petition for Removal to corroborate the parties' proper roles in this removed case, so the Court utilizes the nomenclature used by Plaintiff on the Petition for Removal and the Court docket. Because the case is subject to remand on other grounds, the Court need not address the improper party assignments at this time.

least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). The removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010). Indeed, "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

Here, Plaintiff fails to allege a factual basis for federal subject matter jurisdiction. Though he generally alleges federal jurisdiction, the underlying state court case as described by Plaintiff is simply a dispossessory action. (See generally doc. no. 1.) No federal statute applies to the underlying state court claims to invoke federal question jurisdiction. Rather, "[t]his is a tenant-eviction case that doesn't belong in federal court." Gundogdu v. WDF-4 Wood Harbour Park Owner, LLC, No. 21-61003-CIV, 2022 WL 2702624, at *1 (S.D. Fla. July 12, 2022).

Courts within the Eleventh Circuit routinely remand dispossessory actions as they state no federal claim. See, e.g., id.; Daley Realestate v. Bester, No. CV422-267, 2022 WL 18276705, at *3 (S.D. Ga. Nov. 16, 2022), *adopted by* 2023 WL 174994 (S.D. Ga. Jan. 12,

2023); Chastain v. Soomro, No. 3:20CV4181-MCR-HTC, 2020 WL 2231822 *3 (N.D. Fla. Mar. 18, 2020), *adopted by* 2020 WL 2216905 (N.D. Fla. May 7, 2020); Am. Homes 4 Rent Props. Eight, LLC ISAOA v. Green, CV 115-068, 2015 WL 5043222, at *2 (S.D. Ga. Aug. 25, 2015) (collecting cases for proposition dispossessory action is matter of state law) (Hall, C.J.).

Plaintiff's references to the Fair Debt Collection Practices Act and the Fair Housing Act do not save this case. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the *complaint* does not affirmatively allege a federal claim." (emphasis added)); OG Grp., LLC v. Marcisak, No. 17-CIV-62397, 2018 WL 1902077, at *1 (S.D. Fla. Jan. 23, 2018) (finding no federal question in removing defendant's reference to the Civil Rights Act of 1968 when "complaint attached is simply a state court eviction action"); Citibank, N.A. v. Johnson, No. 1:14-CV-1784-WSD, 2014 WL 5019924, at *5 (N.D. Ga. Oct. 7, 2014).  Moreover, Plaintiff's references to these statutes are merely cursory and Plaintiff states no facts to support his conclusory allegations Defendant violated these statutes, which is insufficient to establish a basis for removal. See Williams, 269 F.3d at 1319-20.

Although Plaintiff does not plausibly raise diversity of citizenship as a basis for federal jurisdiction, for the sake of completeness, the Court finds no such diversity jurisdiction exists. Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1).  On his Civil Cover Sheet, Plaintiff concedes he and Defendant are both citizens of Georgia, (doc. no. 1, p. 6), and fails to allege the amount-in-controversy exceeds the $75,000 threshold.  As succinctly explained by another court:

4

> [A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over limited right to possession, title to property is not at issue, and accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.

Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008). Plaintiff has not established diversity of citizenship or that the value of the controversy exceeds $75,000.

In sum, the Court concludes Plaintiff has not met his burden of establishing federal jurisdiction, and the case should be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). As this Court lacks jurisdiction, Plaintiff's request to proceed IFP is moot.

### III. CONCLUSION

Because there is no subject matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** the case be **REMANDED** to the Magistrate Court of McDuffie County, Plaintiff's IFP motion be **DENIED AS MOOT**, (doc. no. 2), and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 31st day of July, 2024, at Augusta, Georgia.

> BRIAN K. EPPS
> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT OF GEORGIA